UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAWRENCE JAMES CROW,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>KEITH HOWARD YORDY,<br><br>　　　　　　　Respondent. | Case No. 1:17-cv-00125-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

　　　　Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho

state prisoner Lawrence James Crow ("Petitioner"), challenging Petitioner's Bingham

County conviction for attempted first-degree murder. (Dkt. 1.) Respondent has filed a

Motion for Partial Summary Dismissal, arguing that Claim 4(e)[1] is not cognizable—

meaning that it cannot be heard in this federal habeas action—and that Claims 1, 2, 3, and

4(c) are subject to dismissal as procedurally defaulted. (Dkt. 9.) Also pending is

Petitioner's Motion for Application of *Martinez v. Ryan*, 566 U.S. 1 (2012), in which he

---

[1]　　　　Petitioner has asserted four numbered claims, with several initially-unnumbered sub-claims in
Claim 4. Respondent has re-designated the Petition as asserting five claims, by moving Petitioner's claim
of ineffective assistance of post-conviction counsel from a sub-claim in Claim 4 to a "stand-alone" Claim
5; Respondent next argues that "Claim 5" is not cognizable. (Dkt. 9-1 at 5 n.2.) The Court uses
Petitioner's recent reference with respect to his claim of ineffective assistance of post-conviction counsel,
however, and will refer to it as Claim 4(e). (*See* Dkt. 14 at 5.)

argues that he is excused from procedural default based on the exception established in that case. (Dkt. 13.) The Motions are ripe for adjudication.

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Dkt. 8.) Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting Respondent's Motion, denying Petitioner's Motion, and dismissing Claims 1, 2, 3, 4(c), and 4(e) with prejudice.

## BACKGROUND

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. (Dkt. 10.) *See* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Crow*, Docket No. 40073, Op. 809 (Idaho Ct. App. Dec. 31, 2013) (unpublished), which is contained in the record at State's Lodging B-4. The facts will not be repeated here except as necessary to explain the Court's decision.

In the Seventh Judicial District Court in Bingham County, Idaho, Petitioner entered an *Alford* plea[2] to attempted first-degree murder after he shot his ex-girlfriend

---

[2]     An *Alford* plea is the equivalent of a guilty plea, the only difference being that the defendant is not required to expressly admit guilt. *See North Carolina v. Alford*, 400 U.S. 25, 35 (1970) (holding that it

once in the arm and tried to shoot her again, the second time through the bathroom door.

Petitioner received a unified sentence of 15 years in prison with 9 years fixed and was

required to pay a fine, as a civil judgment, in favor of the victim. (State's Lodging B-4 at

2.)

On direct appeal, Petitioner argued that the trial court (1) erred under Idaho law by

imposing an unauthorized civil fine and (2) abused its sentencing discretion when it

denied Petitioner's motion, under Idaho Criminal Rule 35, to reduce his sentence based

on new information. (State's Lodging B-1.) The Idaho Court of Appeals lowered the

amount of the fine but otherwise affirmed Petitioner's conviction and sentence. (State's

Lodging B-4 at 3-6.) The Idaho Supreme Court denied review. (State's Lodging B-6.)

While the direct appeal was pending, Petitioner filed a petition for state post-

conviction relief. Petitioner claimed that he was convicted of a crime that was "not a

valid charge," that his guilty plea was entered "unknowingly" because he was "overly

charged and intimidated," and that he was denied the effective assistance of counsel.

(State's Lodging C-1 at 4-6.) The state district court denied the post-conviction petition

following an evidentiary hearing. (State's Lodging C-4.)

Petitioner appealed that denial, raising four claims of error by the trial court.

Petitioner asserted the following: (1) Petitioner was improperly subjected to an enhanced

sentence for the use of a firearm in an attempted murder because a person cannot

---

is constitutionally permissible for a court to accept and sentence an individual upon "a plea by which a
defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the
court for purposes of the case to treat him as if he were guilty.").

"attempt to deliberate"; (2) Petitioner was sentenced for a crime that did not exist in Idaho; (3) Petitioner's plea was not knowing and voluntary, but instead was coerced, because Petitioner was overcharged and given false information about the maximum available sentence, and (4) Petitioner was subjected to duplicative charges in violation of the Double Jeopardy Clause. (State's Lodging D-1 at 1-7.)

In a fifth claim, Petitioner asserted that his trial counsel was ineffective in several ways. Specifically, Petitioner argued that his trial counsel rendered ineffective assistance in (a) failing to file an appeal from the civil judgment, (b) failing to move to dismiss the attempted murder charge on the grounds that there is no such crime in Idaho, (c) allowing Petitioner to plead guilty to "a crime which does not exist" and failing to advise Petitioner "that if he made a decision to go to trial, ... the charge ... would have to be dismissed," (d) informing Petitioner that he would not be allowed to testify at the Rule 35 hearing, (e) failing to object on the basis of overcharging by the prosecutor and duplicative charges, and (f) failing to advise Petitioner that there was a lesser included offense available. (*Id.* at 7-12.)

The Idaho Court of Appeals declined to consider Petitioner's four claims of trial court error, because those claims could have been raised on direct appeal and, therefore, were procedurally barred pursuant to Idaho Code § 19-4901(b). (State's Lodging D-4 at 4.) The court stated that it would not consider Petitioner's claim that "a person cannot attempt to deliberate"—and therefore cannot be convicted of attempted first-degree

murder—for the additional reason that Petitioner had not supported that claim with any authority. (*Id*. at 6.)

The court of appeals went on to consider the merits of these procedurally-barred claims, but only "in the context of [Petitioner's] claims of ineffective assistance of counsel." (*Id*.) The court affirmed the denial of the post-conviction petition, holding that Petitioner's trial counsel did not render ineffective assistance. (*Id*. at 4-11.) The Idaho Supreme Court denied review. (State's Lodging D-6.)

Petitioner next filed the instant federal habeas corpus petition. Claim 1 asserts that Petitioner was "sentenced for a crime that does not exist" because a person cannot "attempt to deliberate"; Petitioner also claims that he was charged not with attempted first-degree murder, but rather with attempted *felony* murder, which is not a crime in Idaho. (Dkt. 1 at 4.) Although Claim 1 nominally invokes the Fifth, Sixth, and Fourteenth Amendments, only the Due Process Clause of the Fourteenth Amendment is actually implicated by the allegations in that claim.[3]

In Claim 2, Petitioner alleges a violation of the Double Jeopardy Clause of the Fifth Amendment. Petitioner claims that the firearm enhancement with which he was initially charged—but which was later dismissed in exchange for Petitioner's guilty

---

[3]     The Fifth Amendment guarantees several rights: the right to indictment in federal criminal cases, to be free from double jeopardy and from compelled self-incrimination, to due process with respect to the federal government, and to just compensation for the taking of property. The Sixth Amendment similarly guarantees several different rights to criminal defendants, including the right to a speedy and public trial before an impartial jury, the right to confront witnesses and to compulsory process, and the right to the assistance of counsel. Therefore, the bare citation to these amendments is not sufficient to invoke either one, and the allegations in the body of Claim 1 relate only to the right to due process, with respect to the state government, under the Fourteenth Amendment.

plea—was duplicative because the firearm "was not actually used, but only used in the attempt to commit a crime," and because Petitioner was charged "multiple times for the same offense, including multiple uses of the same weapon." (*Id*. at 5.) Petitioner alleges that this "over charging" was the prosecutor's "way to scare [Petitioner] into pleading guilty." (*Id*.)

Claim 3 asserts that Petitioner's plea was not knowing, intelligent, and voluntary. Petitioner states that he was coerced into pleading guilty because his attorney incorrectly informed him that he was facing the death penalty, and the prosecution "over charge[d]" Petitioner, "all in an attempt to get [him] to enter a plea of guilty." (*Id*. at 6.)

In Claim 4, Petitioner asserts that he was denied the effective assistance of counsel in violation of the Sixth Amendment. Sub-claims (a) through (d) of Claim 4 allege ineffective assistance of trial counsel; Petitioner alleges that his trial counsel (a) improperly waived Petitioner's preliminary hearing, and told Petitioner that he had to plead guilty, in the incorrect belief that Petitioner was facing the death penalty, (b) never spoke to Petitioner about filing an appeal, (c) should have argued that there was no probable cause for Petitioner's arrest, and (d) refused to challenge the charging document as duplicative. (*Id.* at 7; see also Dkt. 14 at 4.)

Claim 4(e) asserts that Petitioner was denied the effective assistance of counsel during his state post-conviction proceedings. Petitioner describes the initial post-conviction proceedings in Idaho as "the appeal process for Post Conviction, which is part of the direct appeal process." (Dkt. 14 at 4.) In doing so, Petitioner argues that initial

post-conviction proceedings in Idaho are part of a "bifurcated" direct appeal and, therefore, he had the right to the effective assistance of post-conviction counsel during those proceedings. (*Id*.; *see also* Dkt. 1 at 7.)

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." (Dkt. 5 at 2.)

Respondent argues that Claim 4(e) is noncognizable and that Claims 1, 2, 3, and 4(c) are subject to dismissal as procedurally defaulted. For the reasons that follow, the Court agrees.

## DISCUSSION

### 1.     Standard of Law Governing Summary Dismissal

The Rules Governing § 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

### 2.     Claim 4(e) Is Not Cognizable

In Claim 4(e), Petitioner asserts that his post-conviction counsel rendered ineffective assistance. However, because there is no federal constitutional right to such

assistance, Claim 4(e) is not a basis for federal habeas relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 554 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993). Although ineffective assistance of initial post-conviction counsel can, in limited circumstances, constitute cause to excuse a procedural default—which the Court will discuss further below—it is not an independent constitutional claim. *See Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner's attempted characterization of Idaho's post-conviction proceedings as part of a "bifurcated" direct appeal is not accurate and does not alter the Court's analysis on this issue.

Therefore, Claim 4(e) will be dismissed as noncognizable.

**3.   Claims 1, 2, 3, and 4(c) Are Procedurally Defaulted, and Petitioner Has Not Established that He Is Excused from the Default**

*A.   Procedural Default Standards of Law*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts

and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed." *Walker v. Martin*, 562 U.S. 307, 316 (2011) (internal quotation marks omitted). That is, the state procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093-94 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar can be considered adequate even if it is a discretionary rule, and even though "the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others." *Beard v. Kindler*, 558 U.S. 53, 61 (2009). A state rule's "use of an imprecise standard ... is no justification for depriving a rule's language of any meaning." *Walker*, 562 U.S. at 318 (internal quotation marks and alteration omitted).

A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003). A rule will not be deemed independent of federal law "if the state has made application of the procedural bar depend on an antecedent ruling on federal law such as the determination of whether federal constitutional error has been committed." *Id.* (internal quotation marks and alteration omitted); *see also Ake v. Oklahoma*, 470 U.S. 68, 75 (1985) (stating that "when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law, and our jurisdiction is not precluded," and holding that a state waiver rule was not independent because, "[b]efore applying the waiver doctrine to a constitutional

question, the state court must rule, either explicitly or implicitly, on the merits of the constitutional question").

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

### B.    *Claims 1, 2, 3, and 4(c) Are Procedurally Defaulted*

Petitioner raised Claims 1, 2, and 3 of his Petition in the Idaho appellate courts. (State's Lodging D-1.) However, the Idaho Court of Appeals declined to consider these claims on the basis of an Idaho statute that generally prohibits post-conviction petitioners from pursuing claims that could have been raised on direct appeal.[4] (State's Lodging D-4 at 4.) That statute provides as follows:

> [Post-conviction relief] is not a substitute for nor does it
> affect any remedy incident to the proceedings in the trial

---

[4]     That the Idaho Court of Appeals went on to address the merits of these claims in the context of Petitioner's ineffective assistance claims does not erase the state court's procedural ruling. *See Apelt v. Ryan*, 878 F.3d 800, 825 (9th Cir. 2017) ("[W]here a state court expressly invokes a procedural bar, the claim is defaulted, even though the state court goes on to discuss the merits of the claim."). Further, the fact that Petitioner fairly presented certain ineffective assistance claims to the Idaho Court of Appeals, some of which were based on similar arguments as Claims 1, 2, and 3, does not affect the procedural default status of those claims. *See Rose v. Palmateer*, 395 F.3d 1108, 1112 (9th Cir. 2005) ("Here, although [the petitioner's] Fifth Amendment claim is related to his claim of ineffective assistance, he did not fairly present the Fifth Amendment claim to the state courts .... While admittedly related, *they are distinct claims with separate elements of proof, and each claim should have been separately and specifically presented to the state courts*." (emphasis added)).

court, or of an appeal from the sentence or conviction. *Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings*, unless it appears to the court ... that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

Idaho Code § 19-4901(b) (emphasis added).

Petitioner has failed to meet his burden of showing that § 19-4901(b) was not "clear, consistently applied, and well-established" at the time of Petitioner's default. *Martinez v. Klauser*, 266 F.3d at 1093 (internal quotation marks omitted). Nor has Petitioner established that this procedural rule is dependent on federal law. Therefore, Claims 1, 2, and 3 are procedurally defaulted because the state court relied on an adequate and independent state procedural ground in declining to consider those claims.[5]

Petitioner has never presented Claim 4(c)—that trial counsel rendered ineffective assistance in failing to challenge Petitioner's arrest as lacking probable cause—to any Idaho appellate court. Because it is now too late to do so, Claim 4(c) is procedurally defaulted as well. *See Gray*, 518 U.S. at 161-62.

The Court's conclusion that Claims 1, 2, 3, and 4(c) are procedurally defaulted does not end the inquiry, however. If a claim is defaulted, a federal district court still can hear the merits of the claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default, or

---

[5] The Ninth Circuit has already held that the additional reason given by the court of appeals for its refusal to address Claim 1—that Petitioner did not support the claim with authority—is also an adequate and independent state procedural ground. *Zichko v. Idaho*, 247 F.3d 1015, 1021 (9th Cir. 2001). Therefore, Claim 1 is procedurally defaulted on this additional basis.

(2) a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Neither an assertion of cause and prejudice nor an assertion of actual innocence is an independent constitutional claim. Rather, these are federal procedural arguments that, if sufficiently established by a petitioner, allow a federal court to consider the merits of an otherwise procedurally-defaulted constitutional claim.

### C.    *Cause and Prejudice*

Petitioner requests an evidentiary hearing on the cause-and-prejudice exception to procedural default. (Dkt. 13 at 1.) However, such a hearing is not necessary "if the court determines as a matter of law that [the petitioner] cannot satisfy the standard." *Clark v. Lewis*, 1 F.3d 814, 820 (9th Cir. 1993).

To show "cause" for a procedural default, a petitioner ordinarily must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray*, 477 U.S. at 488. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Cause for the default may exist as a result of ineffective assistance of counsel ("IAC"). For example, the failure on appeal to raise a meritorious claim of trial error—or the failure at trial to preserve a claim for appeal—may render that claim procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 452 (2000) ("[I]n certain

circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice."). However, for IAC—whether at trial or on direct appeal—to serve as cause to excuse a default, that IAC claim must itself have been separately presented to the state appellate courts. *Id.* ("A claim of ineffective assistance ... generally must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal quotation marks and alteration omitted).

In other words, before a federal court can consider ineffective assistance of trial or direct appeal counsel as cause to excuse the default of an underlying habeas claim, a petitioner generally must have presented the ineffective assistance of counsel claim in a procedurally proper manner to the state courts, such as in a post-conviction relief petition, including through the level of the Idaho Supreme Court. If the ineffective assistance asserted as cause was not fairly presented to the state courts, a petitioner must show that an excuse for that separate default exists, as well. *Id.* at 453 ("[A]n ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted.").

As stated earlier, a petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings. *Finley*, 481 U.S. at 554. Therefore, the general rule is that any errors of counsel during a post-conviction action cannot serve as a basis for cause to excuse a procedural default. *Coleman*, 501 U.S. at 752.

However, the Supreme Court established an exception to that general rule in *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* held that, in limited circumstances, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 9. The *Martinez* exception does not apply to any claims other than ineffective-assistance-of-trial-counsel ("IATC") claims, and it can apply only if the underlying IATC claim is both exhausted and procedurally defaulted. *Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (holding that *Martinez* does not apply to underlying claims of ineffective assistance of direct appeal counsel); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland*); *Creech v. Ramirez*, No. 1:99-CV-00224-BLW, 2016 WL 8605324, at *21 (D. Idaho Jan. 29, 2016) (holding that claims were not subject to *Martinez* because they were not fundamentally altered from claims decided on the merits in state court proceedings and, therefore, were not procedurally defaulted).

The Supreme Court has described and clarified the *Martinez* cause-and-prejudice test as consisting of four necessary prongs: (1) the underlying claim of ineffective assistance of trial counsel must be a "substantial" claim; (2) the "cause" for the procedural default consists of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" collateral review proceeding where the IATC claim could have been

brought;[6] and (4) state law requires that an IATC claim be raised in an initial-review collateral proceeding, or by "design and operation" such claims must be raised that way, rather than on direct appeal. *Trevino v. Thaler*, 569 U.S. 416, 423, 429 (2013). The failure to meet any of these four prongs means that the *Martinez* exception is unavailable to excuse the procedural default of a claim.

Petitioner first argues that ineffective assistance of his direct appeal counsel caused the default of his claims. However, Petitioner did not fairly present any claim of direct appeal counsel ineffectiveness to the Idaho courts as required by *Edwards*, 529 U.S. at 452. Thus, direct appeal counsel's performance cannot constitute cause to excuse the default of Petitioner's claims.

Petitioner also argues that ineffective assistance of post-conviction counsel constitutes cause under *Martinez v. Ryan*. However, because Claims 1, 2, and 3 are not IATC claims, *Martinez* does not apply to those claims. *See Davila*, 137 S. Ct. at 2063; *Hunton*, 732 F.3d at 1126-27.

As noted previously, it is true that Petitioner cites the Sixth Amendment—which includes the right to counsel—in Claim 1. (Dkt. 1 at 4.) However, the body of Claim 1 shows that it was specifically intended to assert trial court error, not ineffective assistance of counsel. The claim states as follows:

---

[6] The *Martinez* exception applies only to claims that were defaulted in the initial-review collateral proceeding—a petitioner may not use, as cause to excuse a default, any attorney error that occurred in "appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 566 U.S. at 16.

(a) Legal Basis: I was sentenced for a crime that does not exist. This violates the Sixth, Fifth, and Fourteenth Amendment.

(b) Supporting Facts: I was sentenced for the crime of attempted first degree murder. I do not believe that a person can attempt to deliberate. ([T]he crime of attempt necessarily carries with it all the elements of the actual charge). Also, I was actually charged with felony muder [sic], which it is clear that there is no attempted felony murder in Idaho.

To convict me of a crime that does not exist violates the United States Constitutional guarantees.

I have filed an opening brief which fully explains this issue.

(Dkt. 1 at 4.) There is no reference to any action or inaction on the part of Petitioner's trial counsel in this statement, and Petitioner's generalized reference to the Sixth Amendment is insufficient to plead an IATC claim in Claim 1. *See Hiivala*, 195 F.3d at 1106.

It is true that Petitioner mentioned ineffective assistance, in the context of Claim 1, at one point in Petitioner's brief in support of his Petition:

There is also no doubt that the Petitioner entered into a guilty plea to the charge of attempted first degree murder, as was alleged occurred during the commission of a felony. However, this goes to the heart of the issue as to whether or not the Petitioner was provided effective assistance of counsel ....

(Dkt. 1-1 at 5.) Petitioner attempted in the Petition to incorporate this brief. (Dkt. 1 at 4.)

However, that attempt was not successful. Habeas Rule 2(c)(1) provides that the petition itself must "specify all the grounds for relief available to petitioner." *See also Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("A Traverse is not the

proper pleading to raise additional grounds for relief. In order for the State to be properly advised of additional claims, they should be presented in an amended petition or, as ordered in this case, in a statement of additional grounds. Then the State can answer and the action can proceed. We conclude that Cacoperdo did not properly raise this claim in the district court."); *Neal v. Grammer*, 769 F. Supp. 1523, 1526 (D. Neb. 1991) ("It is not the brief which controls the issues which may be raised in this action. The petition governs the claims which this court will address, and as such, I shall address only those claims set forth [in the petition]."), *aff'd*, 975 F.2d 463 (8th Cir. 1992). Thus, Petitioner's reference to his brief does not suffice to convert Claim 1 into an IATC claim.

Moreover, even if Claim 1 is construed as an IATC claim, *Martinez* does not apply because that claim is not substantial. Claim 1 alleges that the crime of which Petitioner was convicted is not a crime in Idaho (1) because "attempted felony murder" is not a crime and (2) because a person cannot "attempt to deliberate." (Dkt. 1 at 4.)

The first portion of Claim 1 fails because Petitioner was not convicted of "attempted felony murder." Petitioner's erroneous belief that he was actually charged with "attempted felony murder," as opposed to attempted first-degree murder, appears to stem from the fact that, in addition to attempted murder, he was also initially charged with another felony—domestic violence in the presence of a child—which was dismissed as part of the plea agreement. (*See* Brief in Supp. of Pet., Dkt. 1-1, at 5.) As the Idaho Supreme Court has recognized, "attempted felony murder" is not a crime in Idaho. *See State v. Pratt*, 873 P.2d 848, 855 (Idaho 1994) ("There is no such crime in Idaho as

*attempted* felony murder, as intent is not an element of *felony* murder."); *State v. Wood*, 876 P.2d 1352, 1358 (Idaho 1993), *on reh'g* (Idaho July 11, 1994) ("[T]here is no crime in Idaho for attempted first-degree murder committed during the commission of a felony.").

However, "attempted first-degree murder," charged as an offense independent of any other felony—as in Petitioner's case—is, indeed, a crime. *See Crow v. State*, 370 P.3d 404, 408 (Idaho Ct. App. 2016) ("[I]n layman's terms ... if you attempt to commit a willful, deliberate and premeditated murder with malice aforethought, you can be charged with attempted first degree murder.") (citing Idaho Code §§ 18-4003(a) and 18-306); *see also* Idaho Code §§ 18-4001 ("Murder is the unlawful killing of a human being ... with malice aforethought ...."), 18-4003(a) ("All murder ... which is perpetrated by any kind of willful, deliberate and premeditated killing is murder of the first degree."), 18-4004 ("[E]very person guilty of murder of the first degree shall be punished by death or by imprisonment for life ...."), 18-306 ("Every person who attempts to commit any crime ... is punishable ... as follows: (1) If the offense so attempted is punishable by imprisonment in the state prison for life, or by death, the person guilty of such attempt is punishable by imprisonment in the state prison for a term not exceeding fifteen (15) years."). The record is clear that Petitioner was charged with, and pleaded guilty to, attempted first-degree murder—not "attempted felony murder." (*See* State's Lodging A-1 at 156, 282-84; A-4 at 4, 24-25; A-6 at 4.)

The second portion of Claim 1 fails because, as the Idaho statutes cited above provide, attempted first-degree murder does not require a person to "attempt to deliberate"—rather, it requires that a person attempt to kill someone *with deliberation or premeditation*. Because Claim 1 would fail on the merits, Petitioner's trial counsel did not render ineffective assistance in failing to pursue it, and any claim to the contrary is insubstantial.

Claim 4(c)—IATC for failing to challenge Petitioner's arrest as lacking probable cause—is also insubstantial and, therefore, not subject to the *Martinez* exception. It appears that Claim 4(c) relies on the same argument that the Court has just rejected—that attempted first-degree murder is not a crime in Idaho and, thus, there could not have been probable cause to support Petitioner's arrest. Because the charge of attempted first-degree murder is a valid criminal charge, and because Petitioner does not offer any other facts to support his argument that the police did not have probable cause to arrest him, trial counsel did not render deficient performance by failing to challenge the arrest. Claim 4(c) is insubstantial.

Therefore, Petitioner's claims are not excused from default based on the cause-and-prejudice exception, and Petitioner's request for an evidentiary hearing on this issue will be denied.

### D. *Actual Innocence*

If a petitioner cannot show cause and prejudice for his procedural default, he still can bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a

constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. Actual innocence in this context "means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A procedurally defaulted claim may be heard under the miscarriage-of-justice exception only if, "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [the petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). Stated another way, the petitioner must show that, but for the constitutional error, *every* reasonable juror would vote to acquit.

This is an extremely demanding standard that "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327). A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). Although "habeas petitioners who assert convincing actual-innocence claims [need not] prove diligence to cross a federal court's threshold," a court "'may

consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability of evidence of actual innocence.'" *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (quoting *Schlup*, 513 U.S. at 332) (alterations omitted).

The actual innocence inquiry "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House*, 547 U.S. at 539-40 (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329; *see also Jenkins v. Hutton*, 137 S. Ct. 1769, 1772 (2017) (reversing a decision where the court of appeals considered whether the alleged error "might have affected the jury's verdict" instead of "whether a properly-instructed jury could have" come to the same decision absent the error).

Plaintiff has offered no new, reliable evidence that he is actually innocent of attempted murder. Therefore, Claims 1, 2, 3, and 4(c) are not excused from default on this basis.

## CONCLUSION

For the reasons explained above, Claim 4(e) is not cognizable in this habeas corpus action, and Claims 1, 2, 3, and 4(c) are procedurally defaulted without excuse. Therefore, these claims will be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1.    Respondent's Motion for Extension of Time to File Reply (Dkt. 15) is

      GRANTED.

2.    Respondent's Motion for Partial Summary Dismissal (Dkt. 9) is

      GRANTED. Claims 1, 2, 3, 4(c), and 4(e) are DISMISSED with prejudice.

3.    Petitioner's Motion for Application of *Martinez v. Ryan* (Dkt. 13) is

      DENIED.

4.    Respondent must file an answer to the remaining claims within 60 days

      after entry of this Order. Petitioner must file a reply (formerly called a

      traverse), containing a brief rebutting Respondent's answer and brief, and

      the reply must be filed and served within 28 days after service of the

      answer and brief. Respondent has the option of filing a sur-reply within 14

      days after service of the reply. At that point, the case will be deemed ready

      for a final decision.

DATED: June 22, 2018

Honorable Candy W. Dale
United States Magistrate Judge